# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

G. Ralph Elliott,

    Plaintiff,

v.

First Federal Community Bank of Bucyrus,

    Defendant.

Case No. 2:17-cv-00042

Judge Algenon L. Marbley

Magistrate Judge Elizabeth Preston Deavers

## AGREED PROTECTIVE ORDER

By agreement of counsel for Plaintiff and Defendant (collectively, "the Parties"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED as follows:

1. This Agreed Protective Order governs the use of information and documents produced through discovery in the above captioned case, and is also effective for documents and information produced by the parties before the date of this Order. In the event that a party determines that a document produced prior to the entry of this Order should have been designated Confidential as defined by this Order, and to apply such a designation to such a document, that party shall identify and describe each such document, and describe the basis for such a designation. Such post-production designation shall apply only after the date it is made.

2. The terms defined in this paragraph shall have the meaning provided and shall apply throughout this Agreed Protective Order. Defined terms may be used in the singular or plural.

    a. "Producing Party" means the Party or person who produces or who is asked to produce documents or information that the Party or person considers to be

1

"Confidential."

        b.     "Receiving Party" means the Party receiving or requesting production of documents or information designated as "Confidential."

        c.     "Confidential Documents and Information" means all information whether or not embodied in a document or other physical medium which the Producing Party believes in good faith is confidential, private or personal information, and is designated as "confidential" by the producing party. Confidential Documents and Information shall be made subject to the provisions of this Agreed Protective Order. Confidential Documents and Information shall include, but is not limited to, documents containing financial information. Confidential Documents and Information also includes any data, summary, notes, abstract, compilation, or information obtained, derived or generated from Confidential Documents or Information.

        d.     "This Litigation" means the lawsuit captioned above, including all related pre-filing negotiations among the Parties, discovery proceedings, hearings, administrative actions, and pre-trial, trial and post-trial activities related thereto.

        e.     "Litigation Documents" means all pleadings, motions, affidavits and related papers; answers to interrogatories and requests for admissions; all documents produced or exchanged in the course of discovery, settlement negotiations, trial preparation or trial; and all transcripts of testimony given in deposition, in hearings or at trial in connection with this Litigation.

3.     The Parties agree that they shall use Confidential Documents and Information only for the purposes of this Litigation, not for any personal, business, competitive, commercial, governmental, or publicity purpose or function, and only in the manner prescribed herein.

4.     The Producing Party shall, in a manner that will not interfere with the legibility

and content of a document, clearly mark or affix to each document produced pursuant to this Agreed Protective Order an imprint or legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." With regard to answers to interrogatories and documents produced, such designation shall be made at the time that such answers are served or at the time that copies of documents are delivered or made available for inspection. However, the Producing Party may designate as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" Confidential Documents and Information that have already been produced by that party by sending written notice as soon as possible to all persons to whom such documents have been disclosed of such designation, specifying the documents to be designated as Confidential Documents and Information by Bates number or detailed description.

5. In the event that at any deposition, hearing or trial, any party, witness or other person, is asked to review and testify concerning any Confidential Documents or Information, the terms of this Agreed Protective Order shall apply to the contents of, or information or documents disclosed at or as part of, that deposition, hearing or trial. All deposition, hearing, or trial transcripts shall be deemed as Confidential for ten (10) business days after receipt by counsel for each of the Parties or until entry of this Order, whichever is later, during which time the Producing Party may designate information contained in the transcript as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by notifying counsel for the Receiving Party in writing of any specific pages and lines of the transcript that contain the Confidential Information. Access to and use of the testimony designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be limited pursuant to the terms of this Agreed Protective Order. The Producing Party will act in good faith in designating information as Confidential, and any dispute regarding said designation will be resolved in accordance with the provisions of

paragraph 7. below.

6. In the event that any question at hearing or trial would require a witness to divulge or discuss Confidential Documents and Information designated, a Party may move the Court to restrict access to the hearing or trial in a manner consistent with Federal law and the Civil Rules.

7. Any Party may object to the designation of particular material as Confidential by giving written notice to all other parties. Such written notice shall identify the material to which the objection is directed and the basis for the objection. If the parties are unable to resolve their differences informally, the party challenging the designation of the disputed material as Confidential may file an appropriate motion pursuant to Fed. R. Civ. P. 26(c) within ten (10) days of such written notice. The designating party shall have the burden of establishing the confidential nature of the material, and that such information falls within the definition in ¶ 2(c) of this Order, above. The disputed material shall remain subject to all terms of this Agreed Protective Order until the parties agree, or the Court rules otherwise, or ten days has passed since the objecting party has served its written notice without the opposing party responding to the notice.

8. No Receiving Party shall make or permit the making of more copies of any Confidential Documents and Information than are reasonably necessary for the conduct of settlement negotiations, discovery or litigation of this case.

9. Confidential Documents and Information may be disclosed by the Receiving Party only to the following persons:

    a. counsel employed by the Receiving Party to assist in this Litigation; the attorneys, paralegals, legal assistants, and stenographic and clerical employees in the respective

law firms of such counsel who are assisting in this Litigation; and the personnel supplied by any independent contractor with whom such attorneys work in connection with this Litigation (including copying and litigation support service personnel);

  b.  all Receiving Parties, and their affiliates, directors, officers, managers, representatives, insurers, and employees, including in-house counsel, as outside counsel for that party deems necessary for the sole purpose of assisting in this Litigation;

  c.  any outside consultant or expert who is assisting counsel or a party to this Litigation to whom it is necessary to disclose Confidential Documents and Information for the sole purpose of assisting in or consulting with respect to the preparation of this Litigation;

  d.  persons noticed for depositions or designated as trial witnesses, or persons a party reasonably and in good faith believes may be noticed for depositions or designated as trial witnesses, to the extent reasonably necessary to testify (such persons shall not retain or copy the Confidential Documents and Information, or portions of the transcript of their depositions that contain the Confidential Documents and Information, if such information was not provided by them or the entities they represent);

  e.  the Court and any members of its staff to whom it is necessary to disclose Confidential Documents and Information for the purpose of assisting the Court in this Litigation; and;

  f.  stenographic employees and court reporters recording or transcribing testimony relating to this Litigation.

  10.  Prior to the disclosure of any Confidential Documents or Information to any person identified in paragraphs 9(c) or 9(d) above, such person shall be provided with a copy of this Order, which he or she shall read before signing a Certification, in the form annexed hereto

as Exhibit A, acknowledging that he. or she has read this Order and shall abide and be bound by its terms. Outside counsel for the Party obtaining such signed Certifications shall maintain them in a file and shall make the file available, upon request, for inspection by the Court. Persons who come into contact with Confidential Documents and Information solely for clerical or administrative purposes (e.g., copy services), and who do not retain copies or extracts thereof, are not required to execute Certifications.

11. No Party or person to whom Confidential Documents and Information is disclosed or made available shall use or disclose such information, documents or their contents for any purpose except in connection with this Litigation and as permitted by and subject to this Agreed Protective Order; or as may otherwise be authorized by law.

12. Nothing in this Agreed Protective Order shall be construed as a waiver by any Party of its right to object to the subject matter of any discovery request made in this Litigation. The execution of this Agreed Protective Order shall not be construed as an agreement by any Party to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in this Litigation nor admissible as evidence at trial. Further, the provisions of this Agreed Protective Order shall not constitute a waiver at any time, in any proceeding related to the matters referenced herein, of any privilege, including without limitation the attorney-client or work product privilege, which a Party may possess.

13. If a party desires to file any documents that are covered by this protective order, that party shall file a motion for leave of court to file the documents under seal pursuant to S.D. Ohio Local Rule 5.2.1(a). Upon obtaining leave of court, the documents shall be filed in accordance with S.D. Ohio R. 5.1 or as this Court otherwise directs.

14. The inadvertent failure by a party to file any Confidential Documents and Information with the Court under seal, and marked as set forth in this Agreed Protective Order, in no way alters or waives the protected and confidential nature of the material, which remains subject to the restrictions and limitations set forth in this Agreed Protective Order.

15. Nothing in this Agreed Protective Order shall be deemed to preclude the admission into evidence of this Litigation the documents subject to this Order, and the Parties herein have reserved all rights to seek admission into evidence of such materials, or to object to the admissibility of such materials, subject to the terms of this Order.

16. Unless otherwise agreed by the Parties, within thirty (30) days after the final termination of this Litigation, whether by dismissal, settlement, judgment, decision on appeal, or otherwise, all originals and copies of Confidential Documents and Information shall be returned by the Receiving Party to counsel for the Producing Party, or shall be destroyed by the Receiving Party with notice to and consent by the Producing Party. This Agreed Protective Order, however, does not require any Party to disassemble court documents or depositions. All such retained court records or depositions shall otherwise continue to be subject to the terms of this Agreed Protective Order.

17. No Confidential Documents and Information shall be used in any other litigation or proceeding, unless a Court orders otherwise. If any Confidential Documents and Information, or data obtained, derived or generated therefrom, is sought through discovery or otherwise from the Receiving Party by any other party in any other litigation or proceeding, the Receiving Party agrees to maintain all such materials as confidential in accordance with the terms of this Agreed Protective Order.

18. The Court shall retain jurisdiction following the termination of this Litigation for enforcement of the provisions of this Agreed Protective Order and any orders entered pursuant to it.

19. Any Party may apply to this Court at any time, upon proper notice, for modification of this Order.

**IT IS SO ORDERED.**

Date: 5/8/17

NORAH MCCANN KING
UNITED STATES MAGISTRATE JUDGE

**AGREED:**

NEWHOUSE, PROPHATER, KOLMAN
& HOGAN, LLC

| /s/ Aaron E. Michel | /s/ Michael S. Kolman |
|---|---|
| Aaron E. Michel (0032431) | D. Wesley Newhouse (0022069) |
| mail@aaronmichel.com | wnewhouse@npkhlaw.com |
| 1000 North Maple Street | Michael S. Kolman (0031420) |
| Marysville, Ohio 43040 | mkolman@npkhlaw.com |
| Telephone: 704/451-8351 | 5025 Arlington Circle Blvd., Suite 400 |
| Facsimile: 704/643-1004 | Columbus, Ohio 43220 |
| *Attorney for Plaintiff* | Telephone: 614/255-5441 |
| | Facsimile: 614/255-5446 |
| | *Counsel for Defendants* |