IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GEORGE RALPH ELLIOTT,**

      **Plaintiffs,**

                                                    Case No. 2:17-cv-42
                                                    Judge Algenon L. Marbley
     v.                                        Magistrate Judge Elizabeth P. Deavers

**FIRST FEDERAL COMMUNITY**
**BANK OF BUCYRUS,**

      **Defendant.**

## **ORDER**

This matter is before the Court for consideration of Defendant's Motion for Leave to File Documents Under Seal. (ECF No. 32.) Defendant seeks leave to file under seal certain deposition exhibits because the parties have deemed that information confidential under the Agreed Protective Order (ECF No. 17) that was previously entered in this case. (ECF No. 32 at 2.)

It is well established that "every court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files," which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Certainly, a court may limit public access in extraordinary

cases, where the court files may "become a vehicle for improper purpose." *Nixon*, 435 U.S. at 598; *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). The Sixth Circuit has indicated that the exceptions to the presumption fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted). Notably, the Sixth Circuit recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted).

In the instant case, the Court finds that Plaintiff has not demonstrated that the cited deposition exhibits should be sealed. While parties to litigation may maintain certain materials in confidence, the actual filing of documents—which implicates the interest of the public in unencumbered access to court proceedings—should not routinely be made under seal. *Shane Group, Inc.*, 825 F.3d at 305; *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1178–80. Accordingly, Defendant's Motion for Leave to File Documents Under Seal (ECF No. 32) is **DENIED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED.**

Date: January 31, 2018                                                 /s/ *Elizabeth A. Preston Deavers*
                                                                                    ELIZABETH A. PRESTON DEAVERS
                                                                                    UNITED STATES MAGISTRATE JUDGE