IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GEORGE RALPH ELLIOTT,**

    **Plaintiffs,**

                              Case No. 2:17-cv-42
                              Judge Algenon L. Marbley
    v.                          Magistrate Judge Elizabeth P. Deavers

**FIRST FEDERAL COMMUNITY
BANK OF BUCYRUS,**

    **Defendant.**

## **ORDER**

This matter is before the Court for consideration of Defendant's Motion for Reconsideration for Leave to File Under Seal, (ECF No. 38), which the Court receives as a Revised Motion for Leave to File Under Seal.

On January 31, 2018, Defendant moved for leave to file under seal Exhibits 1, 2, 8, 13, 14, and 15, from the deposition of G. Ralph Elliott, and Exhibits 1 and 2, from the deposition of Eric Savidge. (ECF No. 32.) Defendant's only basis for sealing the information was that the parties had deemed the information confidential under the Agreed Protective Order (ECF No. 17) that was previously entered in this case. (ECF No. 32 at 2.) The Court noted the public's presumptive right to review judicial documents with limited exceptions:

> The Sixth Circuit has indicated that the exceptions to the presumption fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted). Notably, the Sixth Circuit recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Group, Inc. v. Blue Cross Blue*

*Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted).

(ECF No. 37 at 2.) The Court went on to deny without prejudice Defendant's Motion to Seal before it had not demonstrated that the deposition exhibits should be sealed. (*Id*. ("While parties to litigation may maintain certain materials in confidence, the actual filing of documents—which implicates the interest of the public in unencumbered access to court proceedings—should not routinely be made under seal." (citations omitted).)

Defendant now moves for reconsideration of the Court's Order and seeks leave to file under seal Exhibits 1 and 2, from G. Ralph Elliott's deposition, and Exhibits 1 and 2, from the deposition of Eric Savidge. (ECF No. 38.) In addition to decreasing the number of deposition exhibits that it seeks leave to file under seal, Defendant explains for the first time in its present Motion that these exhibits contain "bank loan applications containing financial information about Plaintiff's former spouse who is not a party to this action." (ECF No. 38 at 1.) Defendant further details that the exhibits contain joint tax returns, which reflect the assets of the former spouse, as well as contain the former spouse's credit reports. (*Id*. at 2.) Defendant also contends that disclosure of this information may violate its obligations under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq*, and 16 C.F.R. § 313.1, *et seq*., and 314.1. (*Id*. at 3.) Defendant argues that the Court should therefore grant its narrowed request to file under seal the sensitive financial information of this third party. (*Id*. at 2–3.) Plaintiff opposes Defendant's request to seal Exhibits 1 and 2, to Plaintiff's deposition, contending that the information "is at the crux" of the parties' dispute and that the "public may benefit" from having this information made public. (ECF No. 39 at 1–2.) Defendant replies that it does not argue that the information is not relevant, explaining that it simply seeks to protect the rights of its customer, a third party, from improper disclosure of sensitive financial and proprietary information. (ECF No. 40.)

Defendant's argument is well-taken. Its Revised Motion (ECF No. 38) is **GRANTED**. For the same reasons, Defendant's Motion to File Documents Under Seal these Exhibits to its Motion for Summary Judgment (ECF No. 36) is also **GRANTED**. The Clerk is **DIRECTED** to accept for filing under seal Exhibits 1 and 2, from G. Ralph Elliott's deposition, and Exhibits 1 and 2, from the deposition of Eric Savidge. If it is possible to do so, Defendant is **ORDERED** to file on the public docket redacted copies of these exhibits.

**IT IS SO ORDERED.**

Date: February 1, 2018                    /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE