**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GEORGE RALPH ELLIOTT,**

      **Plaintiffs,**

                                  **Case No. 2:17-cv-42**
                                  **Judge Algenon L. Marbley**
      **v.**                            **Magistrate Judge Elizabeth P. Deavers**

**FIRST FEDERAL COMMUNITY
BANK OF BUCYRUS,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant First Federal Community

Bank of Bucyrus' Motion for an Order Granting Leave to Amend Its Answer (ECF No. 19) and

Defendant's Motion to Strike (ECF No. 24). For the reasons that follow, Defendant's Motion to

Amend is **GRANTED** and its Motion to Strike is **DENIED**.

## I.

Plaintiff filed this action on January 13, 2017, seeking relief under the Truth and Lending

Act ("TILA") and asserting a claim for negligence against Defendant related to the financing and

refinancing of loans. (ECF No. 1.) On March 20, 2017, Defendant filed its Answer, generally

denying liability and contending third parties were to blame, if at all. (ECF No. 9.)

On April 12, 2017, the Court conducted a preliminary pretrial conference pursuant to the

provisions of Federal Rule of Civil Procedure 16(b). Following that conference, the Court issued

an order providing, *inter alia*, that "[n]o amendments to the pleadings are anticipated. Motions

or stipulations addressing the parties or pleadings, if any, must be filed on or before **JUNE 30, 2017**." (ECF No. 14 at 2 (emphasis in original).)

On August 29, 2017, Defendant filed a motion for leave to amend its answer to assert a counterclaim for foreclosure, naming Plaintiff as a Counterclaim Defendant and Virginia Golan-Elliott (Plaintiff's former wife) and the Union County Treasurer as "Third Party Defendants." (ECF No. 19.) Defendant explained that it moved for leave at that time because of the recent dismissal of its action filed in state court. (*Id*.) Specifically, before it filed its Answer in this action, Defendant filed a foreclosure action in the Union County Court of Common Pleas ("the state court"), captioned *First Federal Community Bank v. G. Ralph Elliott*, Case No. 2017-CV-0054 ("the state court action" or "foreclosure action"). (*Id*. at 2.) On August 7, 2017, the state court dismissed the foreclosure action. (ECF No. 19-1 (copy of Entry from the state court action).) *See also Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth*., 492 F. App'x 567, 569 (6th Cir. 2012) (permitting courts "to take judicial notice of court records and judicial proceedings under some circumstances, such as to confirm the fact of filing").

Plaintiff opposes Defendant's Motion to Amend, arguing that the proffered filing is a compulsory counterclaim that should have been included at the time Defendant filed its Answer or at least by the June 30, 2017, deadline for filing motions for leave to amend the pleadings. (ECF No. 21.) Plaintiff contends that Defendant provides no explanation for its delay and did not act with the requisite due diligence. (*Id*.) Plaintiff further argues that Defendant's proposed Counterclaim unnecessarily complicates this litigation. (*Id*.)

In reply, Defendant contends that its Motion to Amend sufficiently explained that the untimely filing was due to the August 7, 2017, decision in the state court action. (ECF No. 22.) Defendant also argues that it has ample authority establishing that the foreclosure claim was not

a compulsory counterclaim and that it proceeded in good faith in state court, representing further that the decision in the state court action is now on appeal.  (*Id*.)  Defendant goes on to explain why its proposed foreclosure Counterclaim is appropriate and denies that it unnecessarily complicates this action.  (*Id*.)

Thereafter, Plaintiff filed a "Supplement" to his response to Defendant's Motion to Amend, attaching a copy of Defendant's Notice of Appeal of the decision in the state court action.  (ECF No. 23.)  Defendant then moved to strike Plaintiff's "Supplement," arguing that the document was an improper sur-reply filed without leave of Court.  (ECF No. 24.)  Defendant further points out that it previously admitted in its Reply that it had appealed the judgment in the state court action.  (*Id*.)  Defendant also represents that in the state court action, Plaintiff took the position that Defendant should pursue its foreclosure claim in federal court.  (*Id*.)  In response, Plaintiff argues that Defendant "[b]uried" in its Reply a reference to the appeal in the state court action and contends that his filing (ECF No. 23) is a "supplement" and not an improper "sur-reply."  (ECF No. 25.)  Defendant, however, insists that the Court should strike Plaintiff's "sur-reply."  (ECF No. 26.)

These matters are now ripe for the Court's consideration.

## II.

Although Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings, when, as here, a motion to amend is brought after the deadline set within the court's scheduling order, a moving party must satisfy the standards of both Rule 15(a) and 16(b)(4).  *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 905–09 (6th Cir. 2003)).  "Once the scheduling order's deadline to amend the complaint passes, . . . a [moving party] *first* must show good cause under Rule 16(b) for failure earlier to

seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"). Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909. Even if an amendment would not prejudice the nonmoving party, a moving party must still provide good cause for failing to move to amend by the Court's deadline. *Korn*, 382 F. App'x at 450; *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a). *Commerce*, 326 F. App'x at 376. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

## III.

As an initial matter, the Court finds that Plaintiff's filing a copy of the Notice of Appeal in the state court action was simply a supplement and not an impermissible sur-reply filed without leave of Court. Accordingly, Defendant's Motion to Strike is not well taken and is therefore **DENIED**.

Turning to the merits of the Motion to Amend, the Court finds that Defendant has demonstrated that good cause exists under Rule 16(b)(4) to modify the case schedule. As set forth above, the key inquiry is whether Defendant was diligent in its efforts to meet the June 30, 2017, deadline for seeking amendments to the pleadings that the Court set forth in its Order (ECF No. 14). Here, Defendant explains that it filed its Motion to Amend shortly after the dismissal of its state court action. The Court is persuaded that Defendant acted with the requisite diligence by filing its Motion to Amend less than one month after the judgment was entered in the state court action. While Plaintiff asserts that Defendant should have filed the Counterclaim with its Answer, the Court agrees with Defendant for the reasons stated in its Reply (ECF No. 22 at 1–2) that the foreclosure claim is not a compulsory counterclaim. *See also Smith v. Household Realty Corp.*, No. 2:16-cv-360, 2016 WL 540888, at *2–3 (Sept. 28, 2016) (Marbley, J.) (finding

that foreclosure claim is not a compulsory counterclaim); *Kravolic v. JPMorgan Chase Bank, N.A.*, No. 1:15-cv-1468, 2016 WL 554838, at *3 (N.D. Ohio Feb. 10, 2016) (concluding that a foreclosure claim was not a compulsory counterclaim in a prior action asserting, *inter alia*, claims under TILA).

In addition, the Court notes that Defendant's appeal in the state court action has been resolved and that the entry dismissing Defendant's foreclosure action was affirmed on February 12, 2018.  *See Judgment Entry* (dated February 12, 2018), *First Federal Community Bank v. G. Ralph Elliott, et al.*, Case No. 14-17-08, filed in the Court of Appeals of Ohio, Third Appellate District, Union County.  Based on this record, the risk of parallel foreclosure actions proceeding in both state and federal court no longer exists.

In order to avoid any prejudice to the parties in this action, the Court, as discussed with the current parties at the status conference on March 8, 2018, will, by separate Order, extend the deadlines for completing discovery and filing motions for summary judgment following the filing of responses to the Counterclaim.  The Court notes that the requirement for further discovery in and of itself does not constitute prejudice for the purposes of whether the Court should permit amendment.  *See Janikowski v. Bendix Corp.*, 823 F.2d 945, 952 (6th Cir. 1987) (concluding that the burden of additional discovery was not by itself sufficient to constitute undue prejudice).  The Court further notes that no trial date has been set.

In short, having demonstrated good cause and given the liberal policy permitting amendment under Rule 15(a), the Court will permit Defendant to amend its Answer to assert the Counterclaim.

**IV.**

For the foregoing reasons, Defendant First Federal Community Bank of Bucyrus' Motion for an Order Granting Leave to Amend Its Answer (ECF No. 19) is **GRANTED** and Defendant's Motion to Strike (ECF No. 24) is **DENIED**. The Clerk is **DIRECTED** to file Defendant's Amended Answer and Counterclaim, which is attached as Exhibit B (ECF No. 19-2) to its Motion to Amend. Plaintiff is **ADVISED** that it may respond to Defendant's Counterclaim within rule.

**IT IS SO ORDERED.**

Date: March 9, 2018                                   ___/s/ *Elizabeth A. Preston Deavers*
                                                  ELIZABETH A. PRESTON DEAVERS
                                                  UNITED STATES MAGISTRATE JUDGE