IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

G. RALPH ELLIOT, :
:
    Plaintiff, : Case No. 2:17-CV-42
:
v. : JUDGE ALGENON L. MARBLEY
:
FIRST FEDERAL COMMUNITY : Magistrate Judge Deavers
BANK OF BUCYRUS, :
:
    Defendant. :

## **OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider or a Motion to Amend and Motion for Stay of Foreclosure. (ECF No. 86). For the reasons set forth below, Plaintiff's Motion to Reconsider is **DENIED** and the Motion for Stay of Foreclosure is **GRANTED.**

### I.    BACKGROUND

The facts of this case are outlined in this Court's prior Opinion & Order granting summary judgment to Defendant (ECF No. 86) and are restated here only briefly and incorporated by reference. Plaintiff brought this suit alleging a violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1639c, § 1640, and common law negligence. Plaintiff alleged the refinanced mortgage he received from the defendant bank violated TILA and that the bank behaved negligently. This Court granted summary judgment for Defendant because there was no genuine dispute of the material facts surrounding the mortgage refinancing.

### II.    LAW & ANALYSIS

#### A.  Motion to Reconsider

Under Federal Rule of Civil Procedure 59(e), a court will reconsider its own prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered

1

evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Arctic Express, Inc*., 288 F.Supp.2d 895, 900 (S.D. Ohio 2003). Courts may also alter or amend a judgment when necessary "to prevent manifest injustice." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Reconsideration due to a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc*., 2006 WL 3483964, at *2 (S.D. Ohio 2006) (*citing Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). Even for motions to reconsider interlocutory orders, courts respect the importance of "grant[ing] some measure of finality ... and [of] discourag[ing] the filing of endless motions for reconsideration" in applying the relevant criteria. *Id*. A motion under Rule 59(e) may not be brought to relitigate issues previously considered by a court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, 2006 WL 689091, at *3 (S.D. Ohio 2006).

Plaintiff has failed to demonstrate that his claim should be reconsidered by this Court. (ECF No. 86). Plaintiff's brief is a twenty-page recital of the claims that this Court already decided in its Order & Opinion granting Defendant's Motion for Summary Judgment. (ECF No. 81). Plaintiff fixates on facts that are not relevant. For example, he complains that this Court miscounts and describes the period between the 2013 loan and the 2014 refinance as being "eighteen" months when it was "fifteen." (ECF No. 86 at 5-6). He also complains that this Court "overlooks the evidence that the "Elliot Team" was more than a small two-person operation. It included a 25-agent franchise in Marysville and a 225-agent franchise in Dublin." (*Id*. at 5). While this Court is willing to correct the record to indicate that the time elapsed was fifteen months, neither of these facts is relevant and neither supports Plaintiff's Motion for

Reconsideration. *See* Fed. R. Civ. P. 56(a) (requiring the movant to demonstrate "that there is no genuine issue as to any *material* fact") (emphasis added).

Plaintiff does not present any argument to meet the requirements of Rule 59(e): Plaintiff has not demonstrated that this Court made a clear error of law; he has not brought to this Court's attention any newly discovered evidence that was previously unavailable; and he does not argue that there has been an intervening change in controlling law. Reconsideration under Rule 59(e) does not serve as a means to merely relitigate issues already considered. As a result, Plaintiff's Motion to Reconsider is **DENIED.**

### B. Stay Pending Appeal

In determining whether a stay pending appeal should be granted, the factors regulating the issuance of a stay are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n,* 812 F.2d 288, 290 (6th Cir. 1987); *see Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113 (1987).[1] A motion for stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgement. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). As a result, a party seeking stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. (*Id).* Further, these factors are not prerequisites, but factors to be balanced. *Ohio ex rel. Celebrezze*. 812 F.2d at 290 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

---

[1] Plaintiff offers *Dillion v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). Where the Sixth Circuit has articulated standards to guide this Court, this Court will decline to follow out-of-circuit case law absent good reason.

The first two factors hold the most importance in determining whether to grant a stay. *United States v. Ahmed*, No. 2:12-cv-951, 2017 WL 6508179 (S.D. Ohio Oct. 31, 2017) (citing *Ohio State Conference of NAACP v. Husted*, 769 F.3d 385, 387 (6th Cir. 2014)). A movant does not always "need to establish a high probability of success on the merits" to satisfy the first factor. *Celebrezze*, 812 F.2d at 290 (citing *Cuomo v. United States Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985)) (indicating "the probability of success that must be shown is inversely proportional to the degree of irreparable injury the plaintiffs will suffer absent an injunction."). But the moving party must demonstrate more than a mere possibility of success. *Celebrezze*, 812 F.2d at 290.

Evaluation of potential harm if the stay is granted relies on three factors: "(1) the substantiality of the injury alleged, (2) the likelihood or its occurrence, and (3) the adequacy of the proof provided." *Celebrezze*, 812 F.2d at 290 (citing *Cuomo*, 772 F.2d at 977). Irreparable harm that is "certain and immediate" is key and "mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough." *Mich. Coal. of Radioactive Material Users, Inc.*, 945 F.2d at 154.

The first factor is whether the party seeking the stay is likely to prevail on appeal. This Court recognizes it is not infallible, but continues to stand behind the validity of its Opinion & Order and views as small the odds of reversal. The first factor therefore weighs against Plaintiff's request for a stay pending appeal.

The second factor is the likelihood that the moving party will be irreparably harmed absent a stay. This factor weighs in favor of Plaintiff. Plaintiff is 83 years old and receives only $250 per month in spousal support. Counsel for Plaintiff also indicated that Plaintiff's family cares for him in his home. (ECF No. 86 at 18-19). Eviction of Plaintiff and a forced sale of his

house would constitute irreparable harm, compounded by Plaintiff's age and infirm health. This factor weighs in favor of a stay.

The third and fourth factors concern the public interest and the possibility of harm if the stay is granted. While the public has an interest in the stability of the housing market and in banks being willing to lend without fear of being precluded from recovery, the public also has an interest in the just and humane treatment of an ailing 83-year-old man. Weighing the parties in this case, this Court concludes that the Plaintiff stands to suffer more harm than does the Defendant if a stay is granted pending appeal. Weighing these factors, this Court will grant Plaintiff's Motion for a Stay Pending Appeal. For the foregoing reasons, Plaintiff's Motion for Stay Pending Appeal is GRANTED. The steps outlined in this Court's Order & Opinion at §III.D ("Foreclosure") are hereby **STAYED** pending appeal. This stay shall remain in effect until the Sixth Circuit has addressed this matter or until the time to appeal this Court's Order has elapsed, whichever is later. This Court will lift this stay upon Motion by the party seeking its dissolution.

### C. Supersedesas Bond

In addition to asking this Court to reconsider its prior Opinion & Order, Plaintiff requests this Court enter a stay of the foreclosure order under Rule 62. FED. R. CIV. P. 62. Rule 62(b) provides that a party "may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Plaintiff requests both that this Court stay the execution of the judgment and that this Court waive the supersedeas bond. The Sixth Circuit has held that the district court retains the discretion to waive the requirement of bond or security. *See Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Following the Seventh Circuit, the Sixth

Circuit agreed that "an inflexible requirement of a bond would be inappropriate" where the party's ability to pay is not in doubt. *Id.* (quoting *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). This Court has ordered that Defendant is entitled to foreclose on Plaintiff's residence, but has also ordered that Plaintiff pay certain fees and costs associated with Defendant's foreclosure action. (ECF No. 81 at 8-9). As to the Maple Ridge Road property, this Court finds no security or bond is necessary because this real property is, in effect, self-securing: as in *Arban*, there is no doubt about the ability of Defendant to recover the property, if the appeals process is exhausted in its favor. But as to the fees and costs which Plaintiff owes Defendant, this Court finds that requiring such a bond or security would be "inflexible" and "inappropriate." As Plaintiff outlines in his brief, he is elderly, in poor health, and without discretionary spending money. Accordingly, this Court waives the supersedeas bond. The stay discussed above shall be entered without bond.

### III. CONCLUSION

For the reasons above, Plaintiff's Motion to Reconsider is **DENIED** and Plaintiff's Motion for Stay Pending Appeal is **GRANTED.**

**IT IS SO ORDERED.**

                         s/Algenon L. Marbley
                         **ALGENON L. MARBLEY**
                         **UNITED STATES DISTRICT JUDGE**

**DATED: June 25, 2019**