## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **G. RALPH ELLIOTT,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **Case No. 2:17-CV-42** |
| **v.** | **:** | |
| | **:** | |
| **FIRST FEDERAL COMMUNITY** | **:** | **JUDGE ALGENON L. MARBLEY** |
| **BANK OF BUCYRUS,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | **Magistrate Judge Elizabeth P. Deavers** |
| | **:** | |

### OPINION & ORDER

This matter is before the Court on a Joint Motion to Vacate Briefing Schedule. Plaintiff G. Ralph Elliott initially brought this action under the Truth in Lending Act ("TILA"), asserting that Defendant First Federal Community Bank of Bucyrus failed to verify his income properly and negligently approved his mortgage loan. (ECF No. 1). The Defendant counterclaimed for breach of contract and sought to foreclose on the property. This Court previously denied Plaintiff's Motion to Reconsider and granted Plaintiff's Motion for Stay of Foreclosure, after determining that there could be no genuine dispute of material fact that the Defendant acted in compliance with its statutory obligations under the TILA. (ECF No. 81). Plaintiff appealed the denial. (ECF No. 89). The Sixth Circuit affirmed the grant of summary judgment as to the negligence claim, but it reversed both the grant of summary judgment to the Defendant on the TILA claim and the denial of summary judgment to the Plaintiff on the TILA claim. (ECF No. 93). The matter was remanded with instructions to consider in the first instance the amount to which Plaintiff is entitled under 15 U.S.C. § 1640(a). *Id.*

On September 14, 2020, the Court ordered the parties to prepare supplemental briefing to determine damages on the Truth in Lending Act ("TILA") claim and the issue of recoupment as a defense to foreclosure. (ECF No 98).

On September 21, 2020, the parties filed a Joint Motion to Vacate Briefing Scheduling, as they have come to a partial settlement. (ECF No. 99). The parties represent that they have come to a settlement on all matters related to the TILA claim, which includes the TILA issue of recoupment as it relates to the foreclosure. (*Id.*). The parties have further agreed that on or after October 1, 2020, Defendant will file an unopposed motion to appoint a special master to sell the real property at a foreclosure sale under this Court's supervision. (*Id.*). The parties agree that once the sale is confirmed, this action will be dismissed. (*Id.*).

A status conference not now being necessary, this Court hereby **GRANTS** the Motion to Vacate Briefing Schedule. The September 14 Supplemental Briefing Order is hereby **VACATED**. Upon a final foreclosure sale, the parties are **DIRECTED** to submit a motion dismissing the matter; in addition, or alternatively, the parties may request a status conference before this Court to discuss further scheduling and matters in this case, if needed.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: September 22, 2020**